UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14039-CR-MOORE/LYNCH

UNITED STATES OF AMERICA

Plaintiff,

vs.

ADAM MICHAEL STATLAND,

Defendant.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through the undersigned Assistant United

States Attorney, and respectfully responds to the defendant, Adam Michael Statland's, objections

to the Pre-Sentence Investigation Report (PSI).

1. The defendant objects to the base level offense of 32 assigned to him in the Pre-Sentence

Investigation Report.  It is the defendant's contention that the cross-reference to Section 2G2.1

should not be applied to the defendant's case.

The defendant pled guilty to using a facility and means of interstate commerce to knowingly

persuade, induce, entice or coerce a minor to engage in sexual activity under such circumstances as

would constitute a criminal offense, and with traveling in interstate commerce with the intent to

engage in sexual activity with a minor.  The case against the defendant was based on a relationship

he developed with a minor female that began on the internet.  During his communications with the

minor victim, he sent her a digital camera and requested that she take both digital and still photos and video clips of herself performing various sexual acts, including placing her fingers in her vagina and anal area, and to send the video clips back to him via the internet. At his request, the victim did this on several occasions. It is as a result of those acts that the defendant begins with a base offense level of 32, pursuant to Section 2G2.1.

The cross reference to Section 2G1.3 states that " if the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply Section 2G2.1." Thus, it seems clear that the advisory guidelines direct the Court to apply the harsher penalties in Section 2G2.1 when this type of conduct occurs. In *United States v. Whitesell*, 314 F.3d 1251 (11th Cir. 2003), the court held that this cross-reference applied in a child pornography possession case where the defendant, over the internet, encouraged and coaxed the victim to take pornographic pictures and videos of herself and send them to him. The court held that this amounted to "causing" the minor to engage in sexually explicit conduct. The court applied the dictionary definition of "causing" to the case, which defined it as "produc[ing] an effect, result, or consequence" or "[being] responsible for an action or result." The court also found that there was no requirement that the defendant be physically present when the child engages in the sexual conduct.

In the present case, there is no dispute that the defendant knew the victim was a minor when he encouraged her to photograph herself in sexually explicit poses. He also provided her with the means to take and send the photographs and videos when he sent her a digital camera. Lastly, it was at his request and urging that the victim engaged in these acts. These facts were outlined by the government in its proffer at the change of plea hearing, and were agreed to by the defendant. Thus,

2

for purposes of the sentencing guidelines, it is clear that the defendant "caused" the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and the cross reference to Section 2G2.1 should be applied.

2. The defendant objects to the two-level increases referred to in paragraphs 25 and 26 of the PSI. Paragraph 25 increases the offense level by two because the offense involved the commission of a sex act or sexual contact.

On February 12, 2004, the defendant flew from California to Florida to meet with the minor victim. After renting a hotel room, the two engaged in oral sex with each other. On April 15, 2005, the defendant again returned to Port St. Lucie, Florida, and after picking the victim up at school, they dined together, rented a hotel room and had oral and vaginal sex with each other. According to the victim, this was the first time she had ever engaged in vaginal sexual intercourse. Based on these facts, there can be no dispute that the offense involved the commission of a sexual act or sexual contact.

Paragraph 26 increases the offense level by two because the offense involved the use of a computer to solicit participation with a minor in sexually explicit conduct. In this case, the defendant met the victim on the internet using a computer, and used the computer to develop his relationship with the victim. The defendant also encouraged the victim to take the aforementioned video clips of herself and send them to him using a computer, which was done. The facts clearly allow for this two-level increase pursuant to Section 2G2.1(b)(6).

3

Based on the foregoing, the government respectfully requests this Honorable Court to overrule the

defendant's objections to the PSI.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:

COREY STEINBERG
Assistant United States Attorney
FL Bar No. 0563234
505 S. Second Street, Suite 200
Tel: 772-466-0899
Fax: 772-466-1020

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was mailed on this *4th* of October, 2005, to:

Robert G. Udell
1331 East Ocean Blvd.
Stuart, FL 34996
Attorney for defendant Statland

Edward Cooley
U.S. Probation Officer
505 South 2nd Street
Suite 320
Fort Pierce, FL 34950

Corey Steinberg
Assistant United States Attorney

4